# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

  v.

LUMAN,

    Defendants.
              /

CV F 05 1387 OWW SMS P

ORDER DIRECTING CLERK OF COURT TO RETURN LODGED PROPOSED SECOND AMENDED COMPLAINT TO PLAINTIFF

  Tony Blackman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  Plaintiff filed the instant action on November 2, 2005, naming J.W. Luman as the sole Defendant and contending that on August 22, 2005, Defendant Luman denied Plaintiff the right to request an inmate appeal complaint be processed.

  Plaintiff filed an Amended Complaint on December 2, 2005. In the Amended Complaint, Plaintiff adds Captains M.P. Moore and G. Ponder and Warden Evans as co-defendants. The Amended Complaint, however, now complaints of events that took place on November 20, 2005, involving the two newly named Defendants.

  On December 13, 2005, Plaintiff submitted yet another Complaint which the Court has referred to as the Proposed Second Amended Complaint. This Complaint names four new Defendants and entirely omits all previously named Defendants from the caption. In addition, the proposed Second Amended Complaint now complains of events that took place as late as

1   December 1, 2005 involving the newly named Defendants.

2   Generally, a plaintiff may amend his complaint once "as a matter of course," and without
3   leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a).
4   Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is
5   required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave
6   to amend if justice requires, the Court may deny leave to amend if the amendment would be
7   futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th
8   Cir. 1991).

9   In this case, Plaintiff exercised his right to file a First Amended Complaint on December
10  2, 2005. As noted above, Plaintiff did not include all previously named Defendants in the
11  Caption and now complaints of issues that arose after the initiation of this action on November 2,
12  2005. Further, Plaintiff did not seek permission to file a Second Amended Complaint as is
13  required by the rules.

14  Following a review of all of the Complaints the Court will not file the proposed Second
15  Amended Complaint currently lodged with the Court. As in the previously filed First Amended
16  Complaint, the claims raised surround issues that occurred after Plaintiff initiated this action on
17  November 2, 2005. As a result, the claims are necessarily unexhausted and would be subject to
18  dismissal were the Court to file the Second Amended Complaint.

19  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
20  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
21  a prisoner confined in any jail, prison, or other correctional facility until such administrative
22  remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a)
23  exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435
24  U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of
25  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
26  administrative process can provide some sort of relief on the complaint stated. Booth v. Churner,
27  532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need
28  not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at

1  524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney

2  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  **Plaintiff may not exhaust while the suit is**

3  **pending.**[1]  McKinney, 311 F.3d at 1199-1201.  As the claims raised in the proposed Second

4  Amended Complaint arose after this suit was initiated they are necessarily unexhausted.

5  Accordingly, the Court will DIRECT the Clerk of Court to return the lodged proposed Second

6  Amended Complaint to Plaintiff.

7          The Court HEREBY ORDERS:

8          1.      The Clerk of Court is DIRECTED to return the lodged Proposed Second

9                  Amended Complaint to Plaintiff.

10 IT IS SO ORDERED.

11 Dated:    January 19, 2006             /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

   Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff. Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).